UNITED STATES, PLAINTIFF *v.* EVEREADY BATTERY CO., INC., DEFENDANT

EVEREADY BATTERY CO., INC., THIRD-PARTY PLAINTIFF *v.* DANIEL F. YOUNG, INC., SOUTHERN OVERSEAS CORP., C.J. TOWER, INC., JOHN S. CONNER, INC., AND CARMICHAEL INT'L, SERVICE, THIRD-PARTY DEFENDANTS

Court No. 96–08–01995

(Dated March 18, 1998)

*Frank W. Hunger,* Assistant Attorney General, *David M. Cohen,* Director, Commercial Litigation Branch, Civil Division, United States Department of Justice *(Lisa B. Donis)* for plaintiff.

*Bayh, Connaughton & Stewart (Gary L. Bohlke)* for defendant.

*Hyman & Kaplan (Andrew D. Kaplan)* for third-party defendant John S. Connor, Inc. and Carmichael International Service.

*Sandler, Travis & Rosenberg, P.A. (Kenneth N. Wolf)* for third-party defendant C.J. Tower, Inc.

*Brauner, Baron, Rosenzweig & Klein (Mel P. Barkin)* for third-party defendant Daniel F. Young.

*Grunfeld, Desiderio, Lebowitz & Silverman (David M. Murphy)* for third-party defendant Wilmington Shipping Co.

### MEMORANDUM OPINION AND ORDER

RESTANI, *Judge:* This matter is before the court on defendant Eveready Battery Company's motion to compel compliance with settlement and motion to seal documents in accordance with the settlement. The court declines to act on such motions as it lacks jurisdiction following dismissal of the action under Court of International Trade Rule 41(a)(1). "Enforcement of a settlement agreement * * * is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 378 (1994). The court, of course, may incorporate the terms of the settlement into an order of dismissal or expressly retain jurisdiction over the settlement and, thus, continue its jurisdiction. *Id.* at 381–2. The form of dismissal used here provided no opportunity for such action.

The court notes that although plaintiff indicated it was noticing dismissal pursuant to Rule 41(a)(1)(B) (dismissal by stipulation), it utilized forms appropriate to Rule 41(a)(1)(A) (notice of dismissal prior to an-

swer or motion for summary judgment). None of the parties, however, objected to the form of the dismissal.

Accordingly, the court lacks jurisdiction to resolve the contractual dispute. In order to maintain the status quo pending resolution of the dispute the court orders the motion to compel to be placed under seal and withheld from the public docket. The court does not hereby decide whether the contract requires such confidentiality and does not make any order affecting the further conduct of the parties with regard to confidentiality.